**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MEDLINE INDUSTRIES, INC., KATHLEEN KOCH, CHANDRA SEFTON, PATTY BENNETT, DAWN REX (on behalf of her minor son Samuel Dolcimascolo), DENNIS BREBNER, DANIEL LESLIE, MICHAEL MOSKOWITZ, HEATHER BRINCKS, SUSAN SULLIVAN, RAYMOND GUNTER, ELIZABETH GERBERI, JENNIFER BAKER, NICHOLAS REWIS, LAURA WOOSTER, DARLENE DURLING, SUZANNE BERNER, PAMELA KNOBBE, DIANE COUNTS, VICKY HOWE-ORUSA, GEORGE MARTIN, GRETCHEN ROHR, RONALD JONES, DENNIS CRESS, SANDRA MARTIN, ROSE GONYO, PEGGY ANN INNES, MARILYNN SULLIVAN, THERESA KRAEMER, SUNNY JOSEPH, DON MILLER, PAUL NUDELMAN, ROGER DE VITO, JENNIFER JUREK, ERIN RICHTER, TOM SOKAL, DEBORAH SCOTT, DEAN PAYNE, CHERYL PLENCER, DEBORAH HORNING, ANNA TARASIUK, HARMON HAYDEN, SUSAN PATE, YVONNE DAVIES, CONNIE GARCIA, VANESA ARROYO, JOAN WEICHMANN, LISA WICKS, GENOVEVA ZUNIGA (Individually and as Parent and Next Friend of Eduardo Zuniga, a minor), JOVAN MARTINEZ (Individually and as Parent and Next Friend of Izel Martinez, a minor), ESTER JOHNSON, ABIGAIL MORENO, PATRICIA ROZEK (on behalf of her minor son JE), MELISSA CHEN, GUILLERMO MONTUFAR, CHRISTINE HORN, IRMA PEREZ, JILL NOLDEN, MARY JACKSON, MILDRED CORDER, ALISON KOEHLER, WILLIAM HUSTON, WALLACE RICE, CARMEN NIEVES, TRACIE OLK, ANGELA RAMIREZ, TOM | Case No.: _____ |

1

2850032v2

BUTERA, DAVE WILSON, LAZARUS TORRES (by his Guardian, Danijla Jovanovic), DANIJLA JOVANOVIC, ANN WELLS, SUSAN CORDER, CYNTHIA FIELDS (as Independent Administrator of the Estate of Adele Claypool), PAMELA BOYER (as Independent Administrator of the Estate of Andrew Boyer), MICHAEL CHRISTIAN (as Independent Administrator of the Estate of Sally Christian), DAVID STEWART (as Independent Administrator of the Estate of Josephine Sulentic Stewart), ANA RIVERA (as Independent Administrator of the Estate of Mateo Rivera), TAMIKA HOBBS (as Independent Administrator of the Estate of Joan McNeal), MELANIE COPELAND (as Independent Administrator of the Estate of Bertha Copeland), JASMINE STEWART (as Independent Administrator of the Estate of Suzette Jo-Lyn Griffin), JAMES MARTIN (as Independent Administrator of the Estate of Mary Martin), WRENNE GILLESPIE (as Independent Administrator of the Estate of Ehrren Gillespie), MARY MARQUEZ BARRERA (as Independent Administrator of the Estate of Luis Marquez), JAMES MARTIN (as Independent Administrator of the Estate of Anna Japuncich), MILDRED CORDER (as Independent Administrator of the Estate of Sheryl Lynn Nelson), PAUL ELLOIAN, THOMAS HARMET, ELISSA BARNABEE, ALISA KNUTH, AMY FRANTZ, LAURA WILVERT, and TAMMY GAILE,

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, HARTFORD FIRE INSURANCE COMPANY ("Hartford"), by and through its attorneys, Karbal, Cohen, Economou, Silk & Dunne, LLC, and herein submits its Complaint for Declaratory Judgment against Defendant, MEDLINE INDUSTRIES, INC. ("Medline") and the above-captioned individuals. In support thereof, Hartford states as follows:

2

2850032v2

## NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. In this action, Hartford seeks a declaration of the parties' rights and obligations under commercial general liability insurance policies issued by Hartford to Medline with respect to the underlying lawsuits identified in Exhibit A attached hereto (collectively, the "Underlying Lawsuits").

2. Medline is a defendant in the Underlying Lawsuits and a Named Insured under nine Commercial General Liability Policies, as described below (collectively, the "Hartford Policies"). Medline seeks coverage for the Underlying Lawsuits under the Hartford Policies.

3. Hartford has no obligation to defend or indemnify Medline in connection with the Underlying Lawsuits under the Hartford Policies based on one or more of the following bases: (a) the Absolute Pollution Exclusions preclude coverage for all of the Underlying Lawsuits; (b) no "bodily injury" is alleged in certain of the Underlying Lawsuits; and (c) various other terms, exclusions and/or policy provisions in the Hartford Policies.

4. An actual and justiciable controversy exists between the parties regarding coverage under the Hartford Policies, including, but not limited to, whether Hartford has a duty to defend and/or indemnify Medline with respect to the Underlying Lawsuits.

## THE PARTIES

5. Plaintiff Hartford is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

6. Defendant Medline is an Illinois corporation with its principal place of business located in Northfield, Illinois.

7. The Defendants listed in Exhibit B are natural persons and citizens of the States of Illinois, Michigan, Texas, Arizona, Montana, Alabama, and South Carolina (collectively, the "Underlying Plaintiffs").

8. The Underlying Plaintiffs are named herein solely as parties with a potential interest in the insurance dispute. Should any of the Underlying Plaintiffs agree to be bound by the final judgment and/or order entered in this case, including any appeal, Hartford will dismiss those Underlying Plaintiffs from this lawsuit.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Hartford, on the one hand, and the Defendants, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(1), because the Defendants are subject to personal jurisdiction in this District and the events giving rise to this dispute took place in this District.

## UNDERLYING ALLEGATIONS

11. In support of their various claims, the complaints in the Underlying Lawsuits generally allege, in relevant part, that:

   a. Medline conducts industrial medical sterilization operations at a plant in Waukegan, Illinois (the "Medline Facility");

   b. Medline has operated the Medline Facility since approximately either 1994 or September 29, 2008 and continues to operate the Medline Facility to date;

    c. Medline uses ethylene oxide gas ("EtO") in the course of its sterilization operations at the Medline Facility and that said EtO has been released into the surrounding atmosphere during the relevant time(s) alleged;

    d. The United States Environmental Protection Agency ("EPA") has released a statement indicating that the Medline Facility is one of the two largest sources of EtO emissions in Lake County;

    e. Recent ambient air testing has revealed the presence of EtO in the areas surrounding the Medline Facility; and

    f. The Underlying Plaintiffs inhaled the air purportedly contaminated with EtO while residing and/or employed in areas neighboring and around the Medline Facility.

12. In the Underlying Lawsuits, the Underlying Plaintiffs allege that they have suffered or have an increased risk that they will suffer bodily injury and/or disease, including various forms of cancer, leukemia, and non-Hodgkin's Lymphoma, due to their alleged exposure to the EtO-contaminated air emitted from the Medline Facility.

13. In the Underlying Lawsuits, the Underlying Plaintiffs assert various claims and causes of action against Medline, including, but not limited to, negligence, public nuisance, ultrahazardous activity/strict liability, and willful and wanton conduct and seek damages in connection therewith.

## THE HARTFORD POLICIES

14. Hartford issued the following policies to Medline as the Named Insured, which are the subject of this action:

5

2850032v2

| Policy Number | Policy Period |
|---|---|
| 83 C D75206 | 7/01/12 - 7/01/13 ("2013 Policy") |
| 83 C D75206 | 7/01/13 - 7/01/14 ("2014 Policy") |
| 83 C D75206 | 7/01/14 - 7/01/15 ("2015 Policy") |
| 83 C D75206 | 7/01/15 - 7/01/16 ("2016 Policy") |
| 83 C D75206 | 7/01/16 - 7/01/17 ("2017 Policy") |
| 83 C D75206 | 7/01/17 - 7/01/18 ("2018 Policy") |
| 83 C D75206 | 7/01/18 - 7/01/19 ("2019 Policy") |
| 83 C D75206 | 7/01/19 - 7/01/20 ("2020 Policy"); and |
| 83 C D75206 | 7/01/20 - 7/01/21 ("2021 Policy") |

(together, the "Hartford Policies").

15. The Hartford Policies provide, in part, the following:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply …

   \*\*\*

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

   (2) The "bodily injury" or "property damage" occurs during the policy period; …

16. The Hartford Policies contain the following definitions:

**SECTION V – DEFINITIONS**

5. "Bodily injury" means physical:

6

2850032v2

      **a.** Injury;

      **b.** Sickness; or

      **c.** Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

***

**16.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**18.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

17.    The Hartford Policies each include an endorsement deleting Exclusion f., titled "Pollution," and replacing it with the following absolute pollution exclusion which contains the same or substantially the same relevant terms and provisions excerpted below:

    **f. (1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

      **(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

      **(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

      **(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible;

      **(d)** At or from any premises, site or location on which any insured … [is] performing operations.…

***

(hereinafter, the "Absolute Pollution Exclusion").

## COUNT I
### (Declaratory Judgment – Absolute Pollution Exclusion Bars Coverage for All Underlying Lawsuits)

18. Hartford hereby incorporates Paragraphs 1–17 of this Complaint as if fully set forth herein.

19. The Absolute Pollution Exclusion in each of the Hartford Policies bars coverage for "bodily injury" "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' … [a]t or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured…."

20. The Hartford Policies define "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

21. The Underlying Lawsuits allege that EtO is dangerous, toxic and mutagenic gas that has been declared a Group 1 human carcinogen by the World Health Organization, carcinogenic to humans by the EPA, and known to be a human carcinogen by the United States Department of Health and Human Services.

22. EtO is a "pollutant," as that term is defined by the Hartford Policies.

23. The Underlying Lawsuits allege that EtO has been discharged, released and/or otherwise escaped from the Medline Facility into the surrounding atmosphere.

24. The Underlying Lawsuits allege that the various Underlying Plaintiffs have suffered "bodily injury" as the result of their exposure to said EtO emissions from the Medline Facility.

25. As a result, the Absolute Pollution Exclusion in each of the Hartford Policies applies to bar coverage for any "bodily injury" alleged in the Underlying Lawsuits arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of a "pollutant" (EtO) from the Medline Facility into the surrounding atmosphere.

**WHEREFORE,** for the reasons set forth above, Plaintiff, HARTFORD FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A. Declaring that Hartford has no duty or obligation under the Hartford Policies to defend Medline with respect to the Underlying Lawsuits;

B. Declaring that Hartford has no duty or obligation under the Hartford Policies to indemnify Medline with respect to the Underlying Lawsuits; and

C. Awarding such other and further relief as the Court deems just, equitable, and proper.

## COUNT II
### (Declaratory Judgment – No Bodily Injury Alleged in Any Underlying Lawsuits Identified in Exhibit C)

26. Hartford hereby incorporates Paragraphs 1–17 of this Complaint as if fully set forth herein.

27. In relevant part, the Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability in the Hartford Policies provides that Hartford is only obligated to indemnify Medline in connection with damages sought against it because of "bodily injury" and that Hartford is only obligated to defend Medline against any suit seeking damages for "bodily injury."

2850032v2

28. The Hartford Policies define "bodily injury," in relevant part, as physical injury, sickness or disease sustained by a person, as well as mental anguish or death provided such anguish or death arises out of the physical injury, sickness or disease sustained by a person.

29. The complaints in the Underlying Lawsuits identified on Exhibit C do not allege that the plaintiff(s) suffered any physical injury, sickness or disease, only that the Underlying Plaintiffs fear or face an increased risk of such injury, sickness or disease.

30. The Underlying Lawsuits identified on Exhibit C do not allege any "bodily injury" within the meaning of the Hartford Policies.

31. Therefore, Hartford has no duty to defend or indemnify Medline against the Underlying Lawsuits identified on Exhibit C under the Hartford Policies.

**WHEREFORE,** for the reasons set forth above, Plaintiff, HARTFORD FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A. Declaring that Hartford has no duty or obligation under the Hartford Policies to defend Medline with respect to the Underlying Lawsuits identified on Exhibit C;

B. Declaring that Hartford has no duty or obligation under the Hartford Policies to indemnify Medline with respect to the Underlying Lawsuits identified on Exhibit C; and

C. Awarding such other and further relief as the Court deems just, equitable, and proper.

## COUNT III
### (Declaratory Judgment – Reasonable and Necessary Defense Costs)

32. Hartford hereby incorporates Paragraphs 1–17 of this Complaint as if fully set forth herein.

33. In the alternative, should the Court find that Hartford has a duty to defend Medline against some or all of the Underlying Lawsuits, Hartford would only be liable for the reasonable and necessary costs incurred by Medline in the defense of those Underlying Lawsuit(s).

34. The attorneys' fees, costs, expenses and other amounts paid to date by Medline purportedly in connection with the defense of the Underlying Lawsuits were not reasonable and/or necessary to Medline's defense thereof.

35. As a result, and to the extent that the Court finds that Hartford has any duty to defend Medline against some or all of the Underlying Lawsuits, Hartford is not liable for any fees, costs, expenses and/or any other amounts that are not reasonable and necessary to the defense of said Underlying Lawsuits.

**WHEREFORE,** for the reasons set forth above, Plaintiff, HARTFORD FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A. Declaring that Hartford's duty or obligation under the Hartford Policies to defend Medline with respect to the Underlying Lawsuits (if any) is limited to the reasonable and necessary costs of that defense; and

B. Awarding such other and further relief as the Court deems just, equitable, and proper.

## COUNT IV
### (Other Potential Defenses)

36. Hartford hereby incorporates Paragraphs 1–17 of this Complaint as if fully set forth herein.

37. There is no coverage under the Hartford Policies to the extent that the Underlying Lawsuits seek damages for "bodily injury" that was not caused by an "occurrence."

2850032v2

38. There is no coverage under one or more of the Hartford Policies to the extent that any "bodily injury" took place outside of the effective dates of one or more of the Hartford Policies.

39. There is no coverage under the Hartford Policies to the extent that the Underlying Lawsuits seek damages for "bodily injury" that was expected or intended from the standpoint of the insured.

40. There is no coverage under one or more of the Hartford Policies to the extent that the Underlying Lawsuits seek damages for "bodily injury" that was known, in whole or in part, prior to the inception date of any one or more of the Hartford Policies.

41. There is no coverage under the Hartford Policies to the extent that the Underlying Lawsuits seek damages for "bodily injury" to an employee arising out of and in the course of employment by the insured, including any "bodily injury" to a spouse, child, parent, brother, or sister of that employee.

42. There is no coverage under the Hartford Policies to the extent that the Underlying Lawsuits seek damages for "bodily injury" or other loss, cost, or expense included within or in any way related to the "products-completed operations hazard" as that term is defined in the Hartford Policies.

43. There is no coverage under the Hartford Policies to the extent that an insured failed to notify Hartford of an "occurrence" which may result in a claim and/or failed to forward to Hartford every claim, demand or suit or any other development likely to affect Hartford's liability in a timely manner as required by the Hartford Policies.

44. There is no coverage under the Hartford Policies to the extent that the injuries or damages claimed in the Underlying Lawsuits were a known loss or a loss in progress.

45. Hartford has no liability under the Hartford Policies to the extent that an insured made any voluntary payment, assumed any obligation, and/or incurred any expense without Hartford's consent.

46. Coverage is barred under the Hartford Policies to the extent that an insured failed to mitigate, minimize, or avoid any damage that it allegedly did or will sustain in connection with the claims for which coverage is sought.

47. To the extent an insured has failed to perform all of its obligations and duties and/or comply with all conditions precedent and subsequent under the Hartford Policies, coverage, if any, is barred.

48. To the extent that the Court determines that there is coverage for the Underlying Lawsuits, any coverage provided to Medline under the 2013 – 2017 Hartford Policies may be excess over any other potentially applicable insurance (except when purchased specifically to apply in excess of the 2013 – 2017 Hartford Policies) and, therefore, Hartford's obligations may not arise or exist under the 2013 – 2017 Hartford Policies at this time.

49. To the extent that the Underlying Lawsuits seek punitive damages or recovery for an award of punitive or exemplary damages, there is no coverage under the Hartford Policies to the extent that insurance coverage for such claims is contrary to law, public policy or the terms and conditions of the Hartford Policies.

50. Coverage, if any, under the Hartford Policies is subject to the Hartford Policies' stated limits of liability.

51. Hartford reserves the right to seek to amend this Complaint and to assert additional defenses as additional information becomes available.

2850032v2

**WHEREFORE,** for the reasons set forth above, Plaintiff, HARTFORD FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A. Declaring that Hartford has no duty or obligation under the Hartford Policies to defend Medline with respect to the Underlying Lawsuits;

B. Declaring that Hartford has no duty or obligation under the Hartford Policies to indemnify Medline with respect to the Underlying Lawsuits; and

C. Awarding such other and further relief as the Court deems just, equitable, and proper.

Dated: May 10, 2021

                                      Respectfully submitted,

                                      HARTFORD FIRE INSURANCE COMPANY

                                      By: */s/ Dena Economou*
                                              One of Its Attorneys

Dena Economou
Thomas D. Ferguson
**KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC**
150 S. Wacker Drive, Suite 1700
Chicago, IL 60606
Tel:    312-431-3700
Fax:   312-431-3670
deconomou@karballaw.com
tferguson@karballaw.com

2850032v2